IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL MONTES, | § | CIVIL ACTION NO. 4:26-cv-01017 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DISTRICT JUDGE ROSENTHAL |
| | § | |
| SHELL OIL COMPANY, BILFINGER | § | |
| NORTH AMERICA, and HELMERICH | § | |
| & PAYNE INC., | § | MAGISTRATE JUDGE HO |
| | § | |
| Defendants. | § | |

### DEFENDANT HELMERICH & PAYNE OFFSHORE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

Defendant Helmerich & Payne Offshore, LLC ("H&P Offshore") files this Answer to Plaintiff Raul Montes' ("Plaintiff" or "Montes") First Amended Petition (the "First Amended Petition") and states as follows:

### SUMMARY OF THE CASE

1. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the first paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

2. H&P Offshore denies the allegations contained in the second paragraph of this section of the First Amended Petition.

3. The last sentence of the third paragraph of this section states the relief Plaintiff seeks and therefore does not require a response. To the extent a response is required, H&P Offshore denies that Plaintiff is entitled to the relief sought. H&P Offshore further denies the remaining allegations contained in the third paragraph of this section of the First Amended Petition.

## PARTIES

4. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the first paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

5. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the second paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

6. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the third paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

7. H&P Offshore admits that it is registered to do business in Texas and may be served through the listed registered agent in Texas. H&P Offshore denies the remainder of the allegations contained in the fourth paragraph of this section of the First Amended Petition.

## DISCOVERY PLAN

8. This section of the First Amended Petition does not contain any factual allegations and therefore does not require a response.

## CLAIM FOR RELIEF

9. This section of the First Amended Petition states the relief Plaintiff seeks and therefore does not require a response. To the extent a response is required, H&P Offshore denies that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

10. H&P Offshore denies the allegations contained in the first paragraph of this section of the First Amended Petition.

11. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the second paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

12. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the third paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

## FACTUAL BACKGROUND

### A. Introduction to the Parties

13. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the first paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

14. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the second paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

15. H&P Offshore denies the allegations contained in the third paragraph of this section of the First Amended Petition.

### B. The Incident

16. H&P Offshore lacks sufficient information to either admit or deny the allegations contained in the fourth paragraph of this section of the First Amended Petition; therefore, H&P Offshore denies the allegations.

17. H&P Offshore admits that it owned the rig located on the Ursa platform, where it is alleged that the incident occurred. H&P Offshore denies the remainder of the allegations contained in the fifth paragraph of this section of the First Amended Petition.

18. H&P Offshore denies the allegations contained in the sixth paragraph of this section of the First Amended Petition.

19. H&P Offshore denies the allegations contained in the seventh paragraph of this section of the First Amended Petition.

## CAUSES OF ACTION

### A. Negligence/Gross Negligence – All Defendants

20. H&P Offshore denies the allegations in the first paragraph of this section of the First Amended Petition.

21. H&P Offshore denies the allegations in the second paragraph of this section of the First Amended Petition.

22. H&P Offshore denies the allegations in the third paragraph of this section of the First Amended Petition.

### B. Gross Negligence

23. H&P Offshore denies the allegations in the first paragraph of this section of the First Amended Petition.

24. H&P Offshore denies the allegations in the second paragraph of this section of the First Amended Petition.

## DAMAGES

25. H&P Offshore admits that Plaintiff seeks the relief identified in this paragraph of the First Amended Petition but denies that Plaintiff is entitled to any of the relief specified in this paragraph.

## REQUEST FOR JURY TRIAL

26. This section does not contain any factual allegations and therefore does not require a response. To the extent a response is required, H&P Offshore acknowledges that Plaintiff demands a jury trial.

## PRAYER

27. H&P Offshore denies that Plaintiff is entitled to the relief sought in the Prayer section of the First Amended Petition.

## AFFIRMATIVE DEFENSES

28. No alleged act or omission of H&P Offshore was the cause-in-fact of Plaintiff's injuries or damages, if any, or of the occurrence in question.

29. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's injuries, damages, and losses, if any, were preexisting conditions.

30. In the event liability is found, which is at all times denied, credit would be due for the amounts of all settlements, compensation, payments, advances, and other monies paid to or on behalf of Plaintiff.

31. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his damages.

32. Plaintiff's damages, if any, were caused by the negligence and/or fault of other defendants and/or third parties over whom H&P Offshore has no direction, supervision, control, right of control, or legal responsibility. Accordingly, H&P Offshore is entitled to a comparative apportionment of fault, contribution, and a reduction of any liability or damages, if any, in this action.

33. Plaintiff's claims are barred, in whole or in part, because the occurrence in question or any injuries or damages allegedly suffered were caused in whole or in part by third persons or instrumentalities over which H&P Offshore had no ownership or control.

34. Plaintiff's claims are barred, in whole or in part, because any alleged hazard or dangerous condition was open and obvious.

35. Plaintiff's injuries and damages, if any, which H&P Offshore specifically denies, resulted from an intervening, superseding, or new and independent cause for which H&P has no responsibility nor liability.

36. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own negligence in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the injuries and damages, if any, complained of by Plaintiff.

37. Plaintiff's injuries and damages, if any, were caused or occasioned by the usual and ordinary risks of his employment and/or by the other known risks which Plaintiff voluntarily assumed. Accordingly, Plaintiff's claims are barred, in whole or in part, by Plaintiff's assumption of the risk.

38. Plaintiff has wholly failed to show the alleged injuries from which he suffers, if any, are in any way related to the alleged incident made the basis of this litigation so as to establish causation under the applicable law.

39. Plaintiff's asserted right to recover medical expenses is limited by applicable law, and thus, the recovery of medical or healthcare expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

40. With regard to Plaintiff's claim for punitive damages, the First Amended Petition fails to state a claim for punitive damages against H&P Offshore, as such damages are not permitted under applicable law.

41. H&P Offshore invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to those contained in the applicable statutes and law under which it is being sued and the United States Constitution. To the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

42. H&P Offshore reserves the right to assert any additional affirmative defenses and other matters as may be disclosed during the course of additional investigation and discovery.

## **PRAYER**

43. Defendant Helmerich & Payne Offshore, LLC respectfully requests this Honorable Court enter a judgment in this case as follows:

    a.    Dismissing Plaintiff's claims against H&P Offshore with prejudice to refile the same;

    b.    Awarding H&P Offshore its costs incurred in connection with this case; and

    c.    Granting H&P Offshore any other relief to which it may be entitled.

Dated: February 27, 2026

Respectfully submitted,

**BAKER & McKENZIE LLP**

By:   /s/ Courtney E. Giles
      Courtney E. Giles
      Attorney-in-Charge
      Texas Bar No. 24097736
      Federal Bar No. 2914730
      courtney.giles@bakermckenzie.com
      Stephanie Brown
      Texas Bar No. 24126339
      Federal Bar No. 3899385
      stephanie.brown@bakermckenzie.com
      800 Capitol Street, Suite 2100
      Houston, Texas 77002
      Telephone: (713) 427-5000
      Facsimile: (713) 427-5099

*Attorneys for Defendant*
*Helmerich & Payne Offshore, LLC*

## CERTIFICATE OF SERVICE

On February 27, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

      /s/ Courtney E. Giles
      Courtney E. Giles